IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

CLAYTON LILLY,

    Plaintiff,

v.                                CIVIL ACTION NO. 5:04-1032

TROY WILLIAMSON, et al.,

    Defendants.

### MEMORANDUM OPINION

Pursuant to the court's order of September 21, 2005, in which the court overruled both petitioner's objections to Magistrate Judge R. Clarke VanDervort's Proposed Findings and Recommendation [hereinafter "Findings and Recommendation" or "F & R"], confirmed and accepted the F & R, and indicated that an explanatory memorandum opinion would follow forthwith, the court now issues its memorandum opinion.

On September 21, 2004, plaintiff filed a complaint alleging that various persons associated with FCI Beckley violated his constitutional rights.  By Standing Order filed on July 21, 2004, this case was referred to United States Magistrate Judge R. Clarke VanDervort for proposed finding and recommendation as to disposition.

On August 31, 2005, the Magistrate Judge entered his Proposed Findings and Recommendations as to defendants' motion to dismiss, or, in the alternative, motion for summary judgment (Docket No. 31).  In the F & R, the Magistrate Judge proposed

that the district court deny defendants' motion to dismiss, or in the alternative, motion for summary judgment as to the issue of summary judgment, grant defendants' motion in all other respects, dismiss this case with prejudice, and remove this matter from the court's docket.

## A.  Factual Background

The facts underlying this case are not in disputed.  On May 14, 2003, plaintiff was placed in the Special Housing Unit ("SHU") at FCI Beckley pending an investigation of a fight with another inmate.  On May 15, 2003, defendant Lt. Murphy found plaintiff lying in his cell unresponsive and radioed for help. The two officers who responded assisted Lt. Murphy in placing plaintiff in restraints.  Additionally, defendant Dr. McLain responded and accompanied plaintiff and the officers to the medical examination room in the SHU.

Plaintiff was first placed on the ground in the examination room, but Dr. McLain instructed that he be placed on a table for examination.  Dr. McLain then proceeded to examine plaintiff.

On May 19, 2003, a follow-up examination was conducted by a physician's assistant in order to remove sutures plaintiff received following an altercation with the other inmate.  The examination revealed "light yellow and purple bruises on the tricep area of the left upper arm that were healing, no open wounds, and no swelling."  (See Docket No. 24, McLain Decl. ¶ 6.)

On September 4, 2003, plaintiff appeared at defendant Leslie's office wanting to make photocopies.  After defendant Leslie told plaintiff to use the copier in the Education Department made available for inmate use, plaintiff informed her that it was broken.  When defendant Leslie stated to plaintiff that she would verify this information before making copies for plaintiff, Leslie claims that plaintiff stated, "you are ignorant."  (Docket No. 24, Leslie Decl. ¶ 4.)  Leslie then issued plaintiff an incident report for violating Bureau of Prisons Code 312, insolence toward staff.  (Id.)  On September 8, 2003, the Unit Disciplinary Committee determined that plaintiff had violated Code 312 and sanctioned him to a 60-day loss of commissary and phone privileges.

### B.  Analysis

On September 13, 2005, plaintiff filed a number of objections as to the findings of the Magistrate Judge.  (Docket No. 32.)  Because plaintiff filed a number of timely objections to the magistrate judge's findings, the court must now conduct a de novo review of plaintiff's complaint.  The court examines each of plaintiff's objections in turn.

### 1.  Objection to the Magistrate Judge's Finding that Administrative Remedies Had Not Been Exhausted

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) requires inmates to exhaust all available administrative remedies prior to filing civil actions alleging violations of their

constitutional rights.  See Booth v. Churner, 532 U.S. 731, 740

(2001).  Plaintiff appears to object to a supposed finding by the

Magistrate Judge that he did not exhaust his administrative

remedies.  In his F & R, the magistrate judge found that a

dispute of material fact existed that precluded granting

defendants' motion regarding this issue.  (See F & R at 15-16.)

Given that plaintiff's first objection is to an issue that was in

reality decided in his favor, plaintiff's first objection is

OVERRULED.

### 2.  Objection to the Recommended Dismissal of Defendant Williamson

Plaintiff's second objection is that Troy Williamson, the

Warden of FCI-Beckley at the time of this incident, had a

responsibility to make sure that a fair investigation of

plaintiff's charges was conducted.  (Obj. at 1.)  Specifically,

plaintiff states that "no one from S.I.S. interviewed [him] about

this incident, nor were any pictures taken at the request of the

inmate."  (Id.)  Plaintiff contends that Williamson also had a

responsibility to guarantee plaintiff's safety during the period

in which he exhausted his administrative remedies.  (Id.)

The Fourth Circuit has made clear that in a Bivens suit,

there is no respondeat superior liability.  See Trulock v. Freeh,

275 F.3d 391, 402 (4th Cir. 2001) (citing Estate of Rosenberg v.

Crandell, 56 F.3d 35, 37 (8th Cir. 1995)).  Instead, "liability

is personal, based on each defendant's own constitutional violations."  Id.

Plaintiff's allegations that defendant Williamson failed to take pictures of his bruises and did not return a copy of his Request for administrative remedy do not rise to the level of being constitutional violations.  These actions occurred after the actual constitutional violations plaintiff alleges and plaintiff does not allege that defendant Williamson had any role regarding those incidents until after they occurred.  Insofar as plaintiff's objection is construed as a challenge to the magistrate judge's finding that Williamson was not involved in these events, plaintiff's objection is unfounded.

Plaintiff's claim that defendant Williamson had a "responsibility to guarantee plaintiff's safety while he exhausted his administrative remedies" appears to use the doctrine of respondeat superior to implicate defendant Williamson in the conduct of others.  There is no respondeat superior liability under Bivens.  See Trulock, 275 F.3d at 402.  As such, the court finds that the Magistrate Judge was correct in recommending that he be dismissed from this action.  Petitioner's second objection is accordingly OVERRULED.

**3.    Objections to the Recommended Dismissal of Defendant Hutchings**

Plaintiff's third objection states that

> Captain William Hutchings is the senior
> officer in charge of relationships between
> inmates and officers.  Because plaintiff
> showed Captain Hutchins the bruises on his
> arm, he should have taken pictures of
> plaintiff's arm because it would have made
> plaintiff's charges stronger.  When plaintiff
> was admitted to special housing, pictures
> were taken of his upper body and head.  These
> pictures will show that plaintiff had no
> bruises on his upper body.

Plaintiff has provided neither allegations nor evidence that this defendant knew of conduct by defendant Murphy which posed a pervasive and unreasonable risk of harm to inmates like plaintiff.  As such, accepting plaintiff's objection regarding defendant Hutchings would require the court to find that respondeat superior liability is actionable under <u>Bivens</u>.  It is not.  For the reasons discussed above, plaintiff's third objection is OVERRULED.

**4.    Objections to the Recommended Dismissal of Defendants Kellerman and Lewis**

Plaintiff's next objection is that Sue Kellerman, a Lieutenant at FCI-Beckley, and Gary Lewis, should be held accountable for their failure to act in this incident.  (Obj. at 2.)  Plaintiff has provided neither allegations nor evidence establishing that either of these defendants knew of conduct by defendant Murphy which posed a pervasive and unreasonable risk of

-6-

harm to inmates like plaintiff.  As such, as discussed above, the
only way for plaintiff to reach these defendants is through
respondeat superior liability.  Respondeat superior liability is
not actionable under Bivens.  As such, plaintiff's objection
regarding the dismissal of defendants Kellerman and Lewis is
OVERRULED.

**5.    Objection regarding the Recommended Dismissal of Defendant Leslie**

Plaintiff's next objection is that his claims against
defendant Leslie should not be dismissed because he does not
agree with the court's findings.  Plaintiff believes that
defendant Leslie "should not be excused from the uniformed
treatment."  (Obj. at 2.)  Plaintiff's argument here is general
and conclusory because it does not direct the district court to
any specific errors in the F & R.  Instead, plaintiff just
restates allegations made earlier.  Because this allegation is
"general and conclusory," the court need not conduct de novo
review.  See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).
As such, petitioner's objection regarding the dismissal of
defendant Leslie is OVERRULED.

**6.    Objections to the Recommended Dismissal of the Excessive Force Claim**

Plaintiff's next objection is to recommended dismissal of
plaintiff's excessive force claim under the Eighth Amendment.  In
his objection, plaintiff notes that he objects to the court's

-7-

finding "because of the bruising of his arm and being treated
like livestock, as well as being dropped on the floor and placed
outside in the rain, goes beyond excessive force."  (Obj. at 2.)

      To establish an excessive force claim under the Eighth
Amendment, an inmate must satisfy two elements: (1) that the
prison official acted with a sufficiently culpable state of mind,
and (2) that the harm inflicted upon the inmate was sufficiently
serious.  Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996).
With respect to the second element, an inmate "need not show that
the force used caused an 'extreme deprivation' or 'serious' or
'significant' pain or injury to establish a cause of action."
Id. (quoting Hudson v. McMillan, 503 U.S. 1, 9 (1992)).  However,
absent the most extraordinary circumstances, an inmate must
provide proof of more than de minimis pain or injury.  Norman v.
Taylor, 25 F.3d 1259, 1263 (4th Cir. 1994).

      In this case, plaintiff alleges that he suffered bruising on
his left upper arm.  Even assuming plaintiff's allegations are
true, the court agrees with the F & R that plaintiff has failed
to allege facts indicating more than de minimis injuries.  See
Taylor v. McDuffie, 155 F.3d 479, 482 (4th Cir. 1998) (finding
that abrasions on the wrists and ankles, slight swelling in the
jaw area, and tenderness in the rib area are considered de
minimis); Norman, 25 F.3d at 1261 (finding that persistent thumb
pain is considered de minimis); Marshall v. Odom, 156 F. Supp. 2d

525, 530 (D. Md. 2001) (finding that headache, facial abrasion,
numbness, and swelling are considered de minimis).  Although an
inmate may still recover if "extraordinary circumstance" are
present, see Norman, 25 F.3d at 485, the court concludes that
such circumstance do not exist in this case.  See Taylor, 155
F.3d at 485 n.9 (concluding that defendants' use of force "was
not so 'diabolic' or 'inhuman' as to render the force
unconstitutional regardless of injury" where defendants allegedly
jabbed a kubaton into plaintiff's nose and mouth approximately
eight to ten times after plaintiff followed their orders)
(internal citations omitted).  Accordingly, the court agrees with
the magistrate judge that plaintiff's excessive force claim must
be dismissed.  Plaintiff's objection regarding this claim is
hereby OVERRULED.

**7     Objections to the Recommended Dismissal of the
        Deliberate Indifference Claim**

Plaintiff states in his next objection that "when plaintiff
asked Dr. McLain to examine him, he would not because he had
witness[ed] the assault on plaintiff by Lt. Murphy."  (Obj. at
3.)  With this claim, plaintiff alleges that prison officials
violated his rights under the Eighth Amendment to the United
States Constitution.

It is well-settled that a prison official may violate an
inmate's Eighth Amendment right to be free from cruel and unusual

punishment if the official shows a deliberate indifference to the inmate's serious illness or injury.  See <u>Estelle v. Gamble</u>, 429 U.S. 97, 102 (1976).  As the magistrate judge explained in the F & R, the test for deliberate indifference involves both an objective and a subjective component.  The alleged deprivation must be objectively, "sufficiently serious" and the prison official must know of and disregard an excessive risk to inmate health and safety.  <u>Farmer v. Brennan</u>, 511 U.S. 825, 834-37 (1994).

Upon reviewing the record in this case, the court agrees with the magistrate judge that there is no evidence that it presents a claim of constitutional magnitude.  As the magistrate noted, plaintiff was not denied medical treatment.  On May 15, 2003, plaintiff received a full examination by defendant Dr. McLain pursuant to a radio call for medical assistance.  (<u>See</u> Docket No. 24, McLain Aff. ¶ 5.)  McLain found "no redness, no bruising, and no scratches."  (<u>Id.</u>)  Plaintiff was again examined on May 19, 2003, by a physician's assistant such that sutures he had received as the result of a fight with another inmate could be removed.  (<u>Id.</u> ¶ 6.)  On exam, plaintiff was found to be awake and alert and was able to walk without difficulty."  (<u>Id.</u>)  The physician's assistant observed only bruises that were healing and no open wounds or swelling.  (<u>Id.</u>)  When plaintiff reported that he was experiencing dizziness, x-rays of his sinus cavity were

ordered.  (Id.)  Plaintiff was directed to return to see FCI

Beckley medical officials if his symptoms persisted, but did not

return again until January 20, 2004, for treatment of an

unrelated work injury.  (Id.)

Plaintiff's deliberate indifference claim has no support as

to either prong.  The evidence in the record shows that plaintiff

suffered only bruising and that bruising was treated as soon as

it was noted by prison officials.  As such, plaintiff's objection

regarding this claim is hereby OVERRULED.

**8.    Objections to the Recommended Dismissal of the Due
       Process Claim**

In his next objection, plaintiff asserts that his "due

process was violated because the administration at FCI-Beckley

blocked his administrative remedy."  (Obj. at 3.)  In reviewing

plaintiff's initial complaint, the magistrate judge found that

even though a dispute of material fact may exist as to whether

prison officials frustrated plaintiff's efforts to

administratively exhaust, the claims plaintiff sought to exhaust

were without merit.  Because the court has reached the same

conclusion following its de novo review, plaintiff's objection

regarding alleged violations of his due process rights is

DISMISSED AS MOOT.

**9.    Objections to the Recommended Refusal of Injunctive Relief**

Plaintiffs' final objection is to the Magistrate Judge's refusal to order that plaintiff be transferred to a different prison.  (Obj. at 3.)  Plaintiff states that when he only had five "points," he could have been transferred to a minimum-security prison or camp.  (<u>Id.</u>)

In reviewing plaintiff's request for injunctive relief, the magistrate judge concluded that the court cannot consider plaintiff's request to be transferred to another BOP facility because to do so would require the court to pass judgment outside of issues committed to its discretion.  (F & R at 44.)  Further, plaintiff has not alleged any irreparable harm arising from his continued incarceration at FCI Beckley.

The court adopts the magistrate judge's findings regarding injunctive relief in their entirety.  First, plaintiff has not provided any legal basis for him to be transferred to another prison.  Second, plaintiff has not alleged any harm arising from his continued incarceration at FCI Beckley.  Third, plaintiff's objection is irrelevant to the determination of this issue.  For all these reasons, plaintiff's objection regarding the magistrate's recommended denial of his request for injunctive relief is OVERRULED.

## C.  Conclusion

For the reasons discussed above, the court hereby rejects all of plaintiff's objections.  The magistrate judge's decision was well-reasoned and supported by case law.  Plaintiff's objections are accordingly OVERRULED.

The Clerk is directed to forward a copy of this Memorandum Opinion to the petitioner, pro se, and to all counsel of record.

IT IS SO ORDERED this 21st day of September, 2005.

ENTER:

David A. Faber
Chief Judge